**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Noe SIFUENTES–FLORES, also known as Carlos Solares–Hernandez, Defendant–Appellant.**

**No. 05–40153.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 12, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Raquel Kathy Wilson, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Noe Sifuentes–Flores ("Sifuentes") appeals from his conviction of being found in the United States after a previous deportation, in violation of 8 U.S.C. § 1326. Sifuentes contends for the first time on appeal that the district court erred by characterizing his state conviction for pos-

---

session of a controlled substance as an aggravated felony because a prior conviction must qualify as a felony under federal law in order to be an aggravated felony under the guidelines. He further contends that the "felony" and "aggravated felony" sentencing-enhancement provisions of 8 U.S.C. § 1326(b) are facially unconstitutional because *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been undercut by later Supreme Court opinions. Sifuentes concedes that his contentions are foreclosed by this court's caselaw.

Sifuentes's contentions are foreclosed. First, Sifuentes's prior state felony conviction for possession of a controlled substance qualifies as an aggravated felony under U.S.S.G. § 2L1.2(b) despite the fact that the same offense is punishable only as a misdemeanor under federal law. *See United States v. Caicedo–Cuero*, 312 F.3d 697, 705–11 (5th Cir.2002); *United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir.1997). Second, this court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000) (internal quotation marks and citation omitted).

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.